UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| POPULAR LEASING USA, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:04-CV-1571 |
| ) | |
| MEDNET HEALTHCARE ) | |
| TECHNOLOGIES, INC., ) | |
| Defendant. ) | |

**ORDER**

This matter is before the Court pursuant to Defendant's Motion and Memorandum in support of its Motion to Dismiss Pursuant to F.R.C.P. 12(b)(2), or in the Alternative, Motion to Transfer to the United Stated District Court for the District of New Jersey Pursuant to 28 U.S.C.A. § 1404(a), or in the Alternative, Motion for a More Definite Statement Pursuant to F.R.C.P. 12(e), or in the Alternative, Motion for Stay filed with the Court on November 18, 2004 (Doc. 6) ("Motion to Dismiss"). The matter is fully briefed and ready for decision.

**BACKGROUND**

Defendant is a New Jersey corporation with its principal place of business in Ewing, New Jersey. (Motion to Dismiss, Exh. B). Plaintiff is a Missouri corporation. (Notice of Removal (Doc. 1), Exh. A "Complaint", ¶1). On or about July 16, 2003, Defendant entered into two Equipment Rental Agreements with NorVergence, pursuant to which Defendant agreed to lease certain equipment from NorVergence. (Complaint, ¶¶ 3-4). NorVergence subsequently assigned both Equipment Rental Agreements to Plaintiff. (Complaint, ¶5). Each Equipment Rental Agreement contained a forum selection clause. (Complaint, ¶6).

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Plaintiff originally filed suit in the Circuit Court of St. Louis County, Missouri, alleging that Defendant is in default on its obligations under the Equipment Rental Agreements. (Complaint). Defendant removed the action to this Court on November 15, 2004 (Notice of Removal, Doc. 1). Defendant did not perform any of its obligations under the Equipment Rental Agreement in Missouri. (Motion to Dismiss, Exh. B). The payments owed by Defendant under the Equipment Rental Agreements were mailed to Plaintiff in Illinois. (Id.). Defendant has no office, bank accounts, employees or property located in Missouri. (Id.). It has never been sued or filed suit in Missouri. (Id.).

## DISCUSSION

Defendant asks the Court to dismiss this case pursuant to F.R.C.P. 12(b)(2), for lack of personal jurisdiction, or alternatively to transfer this case to the United Stated District Court for the District of New Jersey Pursuant to 28 U.S.C.A. § 1404(a). Defendant also requests that the Court order Plaintiff to produce a more definite statement pursuant to F.R.C.P. 12(e), or to stay this case pending resolution of a similar case in New Jersey.

Defendant argues that this case should be dismissed based on a lack of personal jurisdiction. Central to this inquiry is the validity of the forum selection clauses contained in the Equipment Rental Agreements. The forum selection clause of both Equipment Rental Agreements states:

> This agreement shall be governed by, construed and enforced in accordance with the laws of the State in which Rentor's principal offices are located or, if this Lease is assigned by Rentor, the State in which the assignee's principal offices are located, without regard to such State's choice of law considerations and all legal actions relating to this Lease shall be venued exclusively in a state or federal court located within that State, such court to be chosen at Rentor or Rentor's assignee's sole option.

(Complaint, Exh. A).

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Eighth Circuit precedent establishes that a party may consent to jurisdiction when it signs a contract containing a forum selection clause. St. Paul Fire and Marine Ins. Co. v. Courtney Enters., Inc., 270 F.3d 621, 624 (8th Cir. 2001). A valid forum selection clause satisfies due process concerns. Dominium Austin Partners, L.L.C. v. Emerson, 248 F.3d 720, 726 (8th Cir. 2001). The Eighth Circuit has indicated that federal law controls the question of whether a forum selection clause applies. Rainforest Café, Inc. v. EklecCo, L.L.C., 340 F.3d 544, 546 (8th Cir. 2003). Additionally, because the parties have not argued that state law would result in a materially different outcome, we will interpret the forum selection clause under federal law. Id. citing M.B. Restaurants, Inc. v. CKE Restaurants, Inc., 183 F.3d 750, 752 (8th Cir. 1999).

Under federal law, forum selection clauses are prima facie valid and are enforced unless they are unjust or unreasonable or invalid for reasons such as fraud or overreaching. M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). They are enforceable unless they would actually deprive the opposing party of his fair day in court. Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 590-95, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991); see also McDonnell Douglas Corp. v. Islamic Republic of Iran, 758 F.2d 341, 346 (8th Cir.1985).

The Court finds that Defendant has not met its difficult burden to show that the forum selection clause is unenforceable in this case.[1] Defendant does not allege that the

---

[1] The Court notes that it would not arrive at a different decision under Missouri law. Missouri law specifies that "forum selection clauses which designate Missouri... as the exclusive forum in which to bring actions are enforceable if the clauses are not unfair and are not unreasonable." Whelan Security Co., Inc. v. Allen, 26 S.W.3d 592, 596 (Mo. App. 2000). To be enforceable, the clause must have been obtained through freely negotiated agreements absent fraud and overreaching and its enforcement must not be unreasonable and unjust. Id. The party resisting enforcement of the clause "bears a heavy burden in convincing the court that he should not be held to his bargain." Id. citing Chase Third Century Leasing Co. Inc. v. Williams, 782 S.W.2d 408, 411 (Mo.App.1989).

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Equipment Rental Agreements were procured by fraud or were overreaching. Further, that the contracts were form contracts, and thus the forum selection clause was not actually negotiated, does not render the clause per se unenforceable. M.B. Restaurants, Inc., 183 F.3d at 753 (citation omitted); see also, High Life Sales Co. v. Brown-Forman Corp., 823 S.W.2d 493, 497 (Mo. banc 1992). Defendant presents no evidence that the contract was one of adhesion, entered into between parties of unequal bargaining power.

Although Defendant argues that the forum selection clause is unenforceable because it had no notice that NorVergence would assign the Equipment Rental Agreements to Plaintiff and that it would subject itself to suit in Missouri, it has provided no controlling authority under either federal or Missouri law. In fact, courts in the Eighth Circuit that have addressed the issue have found that a forum selection clause conferred jurisdiction despite the original contract being assigned to a party located in a state in which the defendant had no other minimum contacts. See, e.g., Lyon Financial Services, Inc. v. Reno Sparks Ass'n. of Nev., 2004 WL 234405 at *1 (D. Minn. 2004); Lyon Financial Services, Inc. v. Powernet, Inc., 2001 WL 1640099 (D. Minn. 2001). This is true even when the ultimate forum was not identified until the contract had been assigned to a previously unknown third party. Lyon Financial Service, Inc. v. Will H. Hall & Son Builders, Inc., 2005 WL 503371 at *4 (D. Minn. 2005). Finally, the Eighth Circuit has stated that "inconvenience to a party is an insufficient basis to defeat an otherwise enforceable forum selection clause." M.B. Restaurants, Inc., 183 F.3d at 753 (citing Sun World Lines, Ltd. v. March Shipping Corp., 801 F.2d 1066, 1068 (8th Cir. 1986)).

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Thus, because the forum selection clause confers jurisdiction over Defendant in Missouri, the Court denies Defendant's motion to dismiss for lack of personal jurisdiction.

II. MOTION TO TRANSFER

The ability of a federal district court to transfer a case is governed by 28 U.S.C. § 1404. Section 1404 provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404 (2004). In considering a § 1404(a) motion, the Court gives great weight to the plaintiff's choice of a proper venue, and will only disturb that choice upon a clear showing that the balance of interests weighs in favor of the movant's choice of venue. Anheuser-Busch, Inc. v. City Merchandise, 176 F.Supp.2d 951, 959 (E.D. Mo. 2001) (citations omitted). Accordingly, the defendant typically bears the burden of proving that this case-specific balancing of the factors warrants transferring a case. Terra Int'l, Inc. v. Mississippi Chemical Corp., 119 F.3d 688, 695 (8th Cir. 1997). However, § 1404 does permit courts to grant transfers "upon *a lesser showing of inconvenience*" than required under the common law doctrine of forum non conveniens. Birmingham Fire Ins. Co. v. Up N. Plastics, Inc., No. 04-21, 2004 U.S. Dist. Lexis 6733, at *7 n.7 (D. Minn. April 19, 2004) quoting Norwood v. Kirkpatrick, 349 U.S. 29, 32 (1955).

"The interests which the Court should consider include: 1) the convenience of the parties; 2) the convenience of non-party witnesses; 3) the availability of judicial process to compel testimony from hostile witnesses; 4) the governing law; 5) relative ease of access to sources of proof; 6) possibility of delay and prejudice if a transfer is granted;

5

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

and 7) practical considerations of cost and efficiency." Anheuser-Busch, Inc., 176 F.Supp.2d at 959 (citation omitted); see also Terra Int'l, 119 F.3d at 691. "A motion to transfer under § 1404(a) thus calls on the district court to weigh in the balance a number of case-specific factors." Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29, 108 S.Ct. 2239, 2243-44, 101 L.Ed.2d 22 (1988).

Although the forum selection clause designated a Missouri state or federal court as the applicable forum, the presence of a forum selection clause in a contract is not dispositive. Stewart, 487 U.S. at 31. Rather, in determining whether to transfer venue, the Court must ultimately consider and balance all of the competing interests and facts of each individual case. Applying the factors to this case, the Court concludes that "the convenience of the parties" factor does not weigh in favor of either Plaintiff or Defendant. Defendant has identified with specificity potential witnesses to the action, including non-party witnesses from NorVergence, and stated that the expected witnesses reside in New Jersey or one of its neighboring states. Plaintiff merely alleges that "all files, documents and witnesses are located in St. Louis County," despite the fact that the record does not show that any part of the cause of action took place in Missouri. (Plaintiff's Response in Opposition to Defendant's Motion to Dismiss (Doc. 11), Exh. D). The convenience of the witnesses is often considered the "primary, if not the most important factor" when determining whether to transfer a case. May Dep't Stores Co. v. Wilansky, 900 F. Supp. 1154, 1165 (E.D. Mo. 1995); Biometics, L.L.C. v. New Womyn, Inc., 112 F. Supp. 2d 869, 876 (E.D. Mo. 2000); Enter. Rent-A-Car Co., 327 F. Supp. 2d at 1045. Therefore, the Court concludes that the "convenience of the witnesses" factor weighs strongly in favor of Defendant.

6

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Plaintiff asserts that the "accessibility to sources of proof" factor favors Missouri, while Defendant contends that the same supports its conclusion that venue should be transferred to New Jersey. Both parties have documents and records in their home state, suggesting that this consideration is not persuasive in determining venue for this case. An analysis of the location where the conduct complained of occurred strongly favors Defendant. The disputed contract was negotiated, executed and performed by Defendant and the original lessor under the contract in New Jersey. There is no evidence in the record that any conduct relating to the disputed agreements took place in Missouri.[2] Plaintiff even directed Defendant to remit payments due under the contracts to a location in Illinois, not Missouri.

Although the forum selection clause designates Missouri as the governing law; this applicable law is afforded little weight in the overall balancing of the factors under § 1404. Dwyer v. Gen. Motors Corp., 853 F. Supp. 690, 694 (S.D.N.Y. 1994). Additionally, the Court finds no evidence that delay or prejudice will occur if a transfer is granted. Furthermore, Defendant has provided evidence that there is a class action pending in the U.S. District Court for the District of New Jersey filed by equipment lessees against leasing companies including Plaintiff who were assigned NorVergence's leases, suggesting that judicial efficiency may be served by having the same court address an action involving similar facts and parties. (Motion to Dismiss, Exh. D & E).

---

[2] The record reflects that at most Plaintiff sent a letter to Defendant notifying it that the Equipment Rental Agreements were assigned to Plaintiff. (Plaintiff's Response in Opposition to Defendant's Motion to Dismiss (Doc. 11), Exh. D). There is no indication on the letter, however, whether the writer of this letter was located in Missouri. (Id.). Even if this letter did originate in Missouri, this does not affect the Court's analysis of the weight of this factor.

7

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

The Court concludes that the convenience of the parties and witnesses and the interests of justice strongly favor a transfer of this case to the United States District Court for the District of New Jersey. Therefore, Defendant's Motion to Transfer will be granted. Given the Court's ruling, it will deny Defendant's Motion for a More Definite Statement pursuant to F.R.C.P. 12(e) and its Motion for Stay without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Pursuant to F.R.C.P. 12(b)(2), or in the Alternative, Motion to Transfer to the United Stated District Court for the District of New Jersey Pursuant to 28 U.S.C.A. § 1404(a), or in the Alternative, Motion for a More Definite Statement Pursuant to F.R.C.P. 12(e), or in the Alternative, Motion for Stay filed with the Court on November 18, 2004 (Doc. 6) is **GRANTED in part**, and **DENIED in part**.

**IT IS HEREBY FURTHER ORDERED** that Defendant's Motion to Dismiss Pursuant to F.R.C.P. 12(b)(2) is hereby **DENIED**.

**IT IS HEREBY FURTHER ORDERED** that Defendant's Motion to Transfer to the United Stated District Court for the District of New Jersey Pursuant to 28 U.S.C.A. § 1404(a) is hereby **GRANTED**, and Cause No. 4:04CV1571 JCH is **TRANSFERRED** to the United States District Court for District of New Jersey for further proceedings.

**IT IS HEREBY FURTHER ORDERED** that Defendant's Motion for a More Definite Statement Pursuant to F.R.C.P. 12(e), and in the Alternative, Motion for Stay are hereby **DENIED** without prejudice.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Dated this 16th Day of May, 2005.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com